**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-4380**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT LEE CYRUS,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Florence.   C. Weston Houck, Senior District Judge.   (4:03-cv-00055-CWH)

—————————

Submitted: May 16, 2007                    Decided:   July 6, 2007

—————————

Before WIDENER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

D. Craig Brown, Florence, South Carolina, for Appellant.   Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Cyrus appeals his sentence following remand of 235 months of imprisonment and five years of supervised release imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000).[1]  Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court complied with the order of this court when it imposed essentially the same sentence initially imposed upon Cyrus.[2]  Specifically, he challenges the district court's three-level enhancement of his sentence under U.S. Sentencing Guidelines Manual ("USSG") § 3A1.2(b)(1) (2004), for "official victim" based on judicially determined facts found by a preponderance of the evidence and not admitted to by Cyrus, claiming the enhancement violates his Sixth Amendment rights.  In addition to this issue, Cyrus, pro se, claims error in the district court's conclusion that he is not entitled to a three-level

---

[1]We previously affirmed Cyrus' conviction, but vacated his sentence, and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).

[2]The district court originally sentenced Cyrus under the then-mandatory federal sentencing guidelines to 235 months' imprisonment, five years of supervised release, and ordered payment of $5434.21 restitution.

- 2 -

reduction pursuant to USSG § 5C1.2, and further asserts that his sentence is unreasonable.  We affirm.

Contrary to Cyrus' assertion regarding the district court's enhancement of his sentence, Booker did "not in the end move any decision from judge to jury, or change the burden of persuasion."  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).  In sentencing defendants after Booker, district courts continue to make findings necessary for enhancement, applying a preponderance of the evidence standard, while taking into account that the resulting Guidelines range is advisory only.  Id.  The sentencing court is authorized to make factual findings in order to determine appropriately the defendant's advisory range under the guidelines.  See United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).  Here, the district court found that the blue lights that were flashing on the police cars Cyrus drove into while attempting to evade arrest was sufficient to identify them as official vehicles, thus supporting the § 3A1.2(b)(1) enhancement.  We find no error in this determination.  Thus, Cyrus' challenge to the district court's enhancement based on facts found by the judge by a preponderance of the evidence is without merit.

Cyrus next challenges the district court's determination that Cyrus does not qualify for the safety valve provision of USSG § 5C1.2.  A defendant who meets all five criteria set out in USSG

§ 5C1.2 (incorporating §§ 3553(f)(1)-(5)) is eligible for a sentence below the mandatory minimum. The second of the five factors requires that a defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense. USSG § 5C1.2(2). The fifth factor requires that the defendant truthfully provide to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. USSG § 5C1.2(5).

During resentencing, Cyrus' counsel contended that Cyrus provided information that led to the arrest of his co-defendant, which in turn led to the arrest of a counterfeiter. The Government countered that Cyrus did not qualify under the safety valve provisions both because he "rammed the police car with his car," asserting that that action constituted not only a credible threat of violence, but actual violence, and because Cyrus failed to provide the Government with all the available information he had with regard to what he was going to do with the three kilos of crack cocaine or about his prior drug involvement, and Cyrus was untruthful to the Government, as demonstrated by the fact he provided false information to the Government and failed a polygraph test.

The district court denied application of the safety valve provision to Cyrus on the basis of factor two, as supported by

Cyrus' threat voiced on the audiotape that he would "lay [the drug dealers] down right there" if they discovered that he was using counterfeit money. In so doing, the district court relied on United States v. Spring,[3] 305 F.3d 276 (4th Cir. 2002), for the proposition that a threat need not be communicated to the person to whom it is directed to disqualify a defendant from application of the safety valve provision. In Spring, this court held that the defendant's statements about his desire to hurt his probation officer constituted "threats" that warranted an increase under the Sentencing Guidelines even though the defendant did not communicate such threats or intend to communicate the threats directly to the probation officer. 305 F.3d at 281. The enhancement at issue in Spring was a two-level increase pursuant to USSG § 2A6.1(b)(2), to be applied for making more than two threats.

In support of his claim on appeal, Cyrus directs his argument only to the second criterion, contending that he did not make a threat that was credible; that the threat was made eight days prior to the offense, thus demonstrating that it was not connected to his offense; that the district court's reliance on United States v. Spring was misplaced because he made only one threat rather than two threats; and that the fact he had no dangerous weapon on his person or in his car when he was arrested

---

[3]The case is incorrectly cited in the transcript as "United States v. String."

supports the conclusion that the threat was not credible. He does not dispute, nor even reference, the fact that he failed to disclose to the Government what he intended to do with the three kilos of crack cocaine, or what his prior involvement in drug dealing had been, and failed even to mention the failed polygraph test.

We find Cyrus' challenge to the district court's reliance on Spring to be misplaced. While Cyrus correctly noted that the enhancement affirmed in Spring related to a guideline enhancement other than the safety valve provision, the logic supporting the affirmance is the same. As this court noted in Spring, cases and statutes interpreting the definition of the word "threat" have uniformly held that communication to the intended victim is not necessary to support the crime or an enhancement based on the threat, unless communication is an essential element of the crime. Spring, 305 F.3d at 280-81 (citing United States v. Patillo, 431 F.2d 293, 295-96 (4th Cir. 1970) (holding that statements to co-worker expressing desire to kill President constituted true threats for purposes of 18 U.S.C. § 871 (2000)), aff'd on reh'g en banc, 438 F.2d 13 (4th Cir. 1971); United States v. Siegler, 272 F.3d 975, 978 (7th Cir. 2001) (upholding 18 U.S.C. § 876 (2000) conviction based on letter to defendant's associate instructing him to murder prosecution witness)). Hence, the district court properly denied Cyrus the benefit of the safety valve reduction

even though Cyrus' threat was not communicated to his probation officer. Moreover, aside from the threat Cyrus made concerning his probation officer, there was ample additional evidence before the district court that would otherwise disqualify Cyrus from the benefit of the safety valve provision of § 5C1.2.

Cyrus next contends that his sentence was unreasonable. After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence that is "sufficient but not greater than necessary," to achieve the goals of § 3553(a). Davenport, 445 F.3d at 370. We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We have repeatedly held that "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see also United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439); United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006); United States v.

<u>Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

Here, the district court appropriately treated the guidelines as advisory, and sentenced Cyrus within that range. The issues Cyrus raises to support his claim that his sentence is unreasonable, <u>i.e.</u>, that he is a first-time offender, that the offense was not a continuing criminal conspiracy, that he has strong family ties, and that he cooperated with law enforcement authorities upon his arrest, all were raised at sentencing and considered by the district court. The final issue, that he contracted rheumatic fever while being housed at Lexington Federal Medical Center, was not raised in the district court at sentencing, thus there was no error in the district court's failure to consider this claim in determining Cyrus' sentence. Neither Cyrus nor the record suggest any information so compelling as to rebut the presumption that a sentence within a properly calculated guideline is reasonable. We find no error in the calculation of the advisory guideline range.[4] Given this, and Cyrus' failure to provide

---

[4]At resentencing, the district court specifically referred to <u>Booker</u>, to the advisory nature of the guidelines, and to the § 3553(a) factors, stating that it specifically considered those factors. It adopted some and rejected other findings in the presentence report, and in addition to the § 3553(a) factors, the court considered the guidelines range and other relevant guideline factors. The court was familiar with Cyrus' history and background, having presided over his trial. Also, the court had sentenced Cyrus originally and was familiar with the details of his case from the initial sentencing hearing. Cyrus' presentence report outlined his offense conduct and his criminal history.

evidence to overcome the presumption of reasonableness we accord such a sentence, we reject Cyrus' claim of unreasonableness.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Cyrus' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

Finally, Cyrus took the opportunity to argue at length about the strength of the evidence against him during the resentencing hearing, providing additional information about the § 3553(a) factors prior to the district court's imposition of sentence.